UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-cv-21130

PROGRESSIVE EXPRESS INSURANCE COMPANY,

    Plaintiff,

vs.

AZTEC POWERLINE SERVICES, INC., a Florida corporation, BILLY UNDERWOOD, individually, RONNIE MOORE, individually, and SOUTHEAST POWER CORPORATION, a Florida corporation,

    Defendants.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Progressive Express Insurance Company ("Progressive"), by and through its attorneys, Morgan & Akins, PLLC, states by way of Complaint for Declaratory Judgment against Defendants, Aztec Powerline Services, Inc., Billy Underwood, Ronnie Moore, and Southeast Power Corporation, as follows:

**Parties**

    1.    Plaintiff, Progressive Express Insurance Company ("Progressive"), is a corporation organized under the laws of Ohio and with its principal place of business located in Mayfield Village, Cuyahoga County, Ohio.

    2.    Defendant, Aztec Powerline Services, Inc. ("Aztec"), is a corporation organized under the laws of Florida and with its principal place of business located in Wauchula, Hardee County, Florida.

3. Defendant, Billy Underwood ("Underwood"), was and, at all times relevant to this action is, a resident and citizen of Miami-Dade County, Florida.

4. Defendant, Ronnie Moore ("Moore"), was and, at all times relevant to this action is, a resident and citizen of Sumter County, Florida.

5. Defendant, Southeast Power Corporation ("Southeast"), is a corporation organized under the laws of Florida and with its principal place of business located in Titusville, Brevard County, Florida.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this instant action pursuant to 28 U.S.C. § 1332(a)(1), because diversity of citizenship exists between Progressive, on the one hand, and Defendants, on the other, and the amount in controversy, as determined by the monetary value of the claims presented exceeds $75,000.00.

7. Venue is proper in this district as this is the judicial district in which a substantial part of the events giving rise to the claim occurred. *See* 28 U.S.C. 1391(b)(1).

**The Policy**

8. Plaintiff, Progressive, was and is an insurance company authorized to conduct business in the State of Florida.

9. On September 10, 2021, Progressive issued a Commercial Auto Policy to Defendant, Aztec, Policy No. 02607038-1, with an effective Policy Period of September 10, 2021, through September 10, 2022 (the "Policy"). A true, accurate, and complete copy of the Policy is attached hereto as Exhibit "A."

10. The Policy's relevant insuring language is contained in Form 6912 which provides, in pertinent part, as follows:

CASE NO.: 1:24-cv-21130

## PART I-LIABILITY TO OTHERS

**INSURING AGREEMENT-LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

(Ex. A, Policy, Form 6912, p. 6).

    11.    The Policy defines the term "insured auto," in pertinent part, as follows:

        6.    "**Insured auto**" or "**your insured auto**" means:

            a.    Any **auto** specifically described on the **declarations page**; or
            b.    An additional **auto** for Part I-Liability To Others and/or Part II-Damage To Your Auto on the date you become the owner if:
                (i)    **you** acquire the **auto** during the policy period shown on the **declarations page**;
                (ii)    **we** insure all **autos** owned by **you** that are used in **your** business;
                (iii)    no other insurance policy provides coverage for that **auto**; and
                (iv)    **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

            **If you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after you acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional

3

>>> **auto**. **We** may charge premium for the additional **auto** from the date you acquire the **auto**.
>>>
>>> With respect to Part I-Liability To Others, if **we** provide coverage for an additionally acquired auto in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**…
>
> c. Any replacement **auto** on the date you become the owner if:
>> (i) you acquire the **auto** during the policy period shown on the declarations page;
>> (ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of your ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced auto that renders it permanently inoperable; and
>> (iii) no other insurance policy provides coverage for that **auto**.
>
> If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after you become the owner of such replacement **auto**. **We** will not provide any coverage after this 30-day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase your limits, or make any other changes to **your** policy during this 30-day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase your limits, or make such changes.

(Ex. A, Form 6912, pp. 2-3).

12. The Policy defines the term "insured," in pertinent part, as follows:

> A. When used in Part I-Liability To Others, **insured** means:
>
>> 1. **You** with respect to an **insured auto**.
>>
>> 2. Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:

4

    (a)    Any person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.

    (b)    Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).

    (c)    The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the declarations page.

    (d)    The employees or agents of an owner or anyone else from whom the **insured auto** is leased, hired or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the declarations page.

For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

    3.    Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I-Liability To Others. **If we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

B.    When used in Part I-Liability To Others, **insured auto** also includes:

    1.    **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;

5

    2.    **Mobile equipment** while being carried or towed by an insured auto;

    3.    Any **temporary substitute auto**; and

    4.    **Mobile equipment** that is:

        a.    owned by **you**;

        b.    leased, hired, or borrowed by **you** and **you** have purchased either "Hired Auto Coverage" or "Any Automobile Legal Liability Coverage" from **us**; or

        c.    not owned, leased, hired, or borrowed by **you** and **you** have purchased either "Employer's Non-Ownership Liability Coverage" or "Any Automobile Legal Liability Coverage" from **us**.

However, **mobile equipment** meeting any of those three criteria will qualify only if at the time of loss it is being:

        a.    used in **your** business;

        b.    operated on a public highway; and

        c.    operated in a state or province where it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law.

(Ex. A, Policy, Form 6912, pp. 7-8).

    13.    The Policy defines the term "temporary substitute auto," in pertinent part, as follows:

    17.    "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

(Ex. A, Policy, Form 6912, p. 6).

14. Importantly, neither the Policy nor the Declarations page listed or identified Defendant, Ronnie Moore, as a listed driver.

15. Importantly, neither the Policy nor the Declarations page listed or identified at 2015 Ram 1500, VIN No.: 3C7WRNBJ0FG629431 (the "Unlisted Vehicle") as an insured vehicle under the Policy.

**The September 14, 2021 Incident**

16. Prior to and on September 14, 2021, Defendant, Southeast, owned the Unlisted Vehicle.

17. Prior to September 14, 2021, Southeast retained the services of Defendant, Moore.

18. At approximately 11:10 a.m., on September 14, 2021, Defendant, Moore, was travelling east on State Road 836 in the left lane, east of 17th Avenue.

19. At approximately 11:10 a.m., on September 14, 2021, Defendant, Underwood, was travelling east on State Road 836 in the center lane, east of 17th Avenue.

20. At approximately 11:10 a.m., Defendant, Moore, made a lane change from the left lane into the center lane causing the right side of the Unlisted vehicle to strike the vehicle driven by Defendant, Underwood.

21. As a result of this incident, Defendant, Underwood, claims to have sustained personal injuries.

**Subsequent Lawsuit and Related Claims**

22. On August 18, 2022, Defendant, Underwood, filed suit in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, against Defendants, Moore and

Southeast, styled *Billy Underwood v. Ronnie Moore, et. al.*, Case No. 2022-015551-CA-01 (the "Lawsuit"), in connection with the September 14, 2021, incident.

23. Defendant, Underwood, subsequently moved to amend the Lawsuit. To that end, on February 4, 2024, Judge Pedro Echarte granted the Motion to Amend. As result, Defendant, Underwood, was pursuing claims, in the Lawsuit, against Defendants Southeast, Moore, and Aztec. A true, accurate, and complete copy of the pending and operative First Amended Complaint is attached hereto as Exhibit "B;" a true, accurate, and complete copy of the order granting leave to file that pleading is attached hereto as Exhibit "C."

24. In the First Amended Complaint, Defendant, Underwood, has alleged that Moore was negligent in his operation of the Unlisted Vehicle; (ii) that Defendants Aztec and Southeast are vicariously liable for Moore's conduct. (Ex. B).

25. In addition, Defendant, Southeast, subsequently pursued Third-Party claims in the Lawsuit against Defendant, Aztec. A true, accurate, and complete copy of the Amended Third Party Complaint is attached hereto as Exhibit "D."

26. In the Amened Third Party Complaint, Southeast has asserted claims against Defendant, Aztec, for contractual and common-law indemnity as well as breach of contract. (Ex. D).

## COUNT I – CLAIM FOR DECLARATORY JUDGMENT
(Unlisted Vehicle)

27. Progressive adopts and incorporates by reference paragraphs 1 through 26, above, which identify the parties, set forth the basis for this Court's exercise of jurisdiction and venue, describe the Policy, the September 14, 2021 incident, and the subsequent Lawsuit as though fully set forth herein.

28. Pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201

and 2202, this Court is invested with the power to declare the rights and liabilities of the parties hereto, and to give such relief as it deems necessary under the facts and circumstances.

28. As reflected above, Defendant, Moore, was driving an unlisted vehicle at the time of the incident.

29. Progressive contends that the events described, above, at paragraphs 16 through 21, and which form the basis for the Lawsuit, including the Third-Party claims asserted in the Lawsuit, do not fall within the coverages afforded by the Policy.

30. Progressive contends that the events described in the Lawsuit, specifically the events described in the First Amended Complaint, to the extent that they involve and concern claims arising from Defendant, Moore's, operation of the Unlisted Vehicle, do not fall within the coverages afforded by the Policy.

31. Progressive contends that the events described in the Lawsuit, specifically the events described in the Amended Third Party Complaint, to the extent that they involve and concern claims arising from Defendant, Moore's, operation of the Unlisted Vehicle, do not fall within the coverages afforded by the Policy.

32. Progressive contends, therefore, that it has no duty to defend or indemnify Defendants, Aztec or Moore, for any damages that have or may be claimed by Defendant, Underwood, including, but not limited to, any claims asserted by him in the Lawsuit, including those asserted in the Amended Complaint.

33. Progressive contends, therefore, that it has no duty to defend or indemnify Defendants, Aztec or Moore, for any damages that have or may be claimed by Defendant, Southeast, including, but not limited to, any claims asserted by it in the Lawsuit, including those asserted in the Amended Third Party Complaint.

34. There exists an actual, present, and practical need for the declaration of coverage under the Policy, and the rights and obligations of Progressive.

35. There exists a present, ascertained or ascertainable state of facts or present controversy as to the state of facts concerning Progressive's rights, duties, and obligations under the Policy.

36. Progressive's rights, duties, and obligations under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

37. Progressive and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

38. All proper and present antagonistic interests are before the Court by proper process.

39. Progressive is in doubt with respect to its rights, duties and obligations under the Policy and, by this Complaint, seeks a declaration of its rights and obligations under that Policy.

WHEREFORE, Plaintiff, Progressive Express Insurance Company respectfully requests that this Court enter a declaratory judgment concerning the Policy and determine the existence, or non-existence, of any immunity, power, privilege, or right, or any other fact upon which the existence or non-existence, of such immunity, power, privilege or right may depend including the following:

   a. Declare that there is no coverage afforded by the Policy for any claims arising from the September 14, 2021 accident as they would all arise from Defendant, Moore's, operation of the Unlisted Vehicle, a vehicle for which there is no coverage;

   b. That the Policy does not provide coverage to Defendants, Moore or Aztec, for the claims that are or could be presented by Defendant, Underwood, in connection with

the September 14, 2021, incident, including those asserted in the Lawsuit and contained within the First Amended Complaint;

    c.    That the Policy does not provide coverage to Defendants, Moore or Aztec, for the claims that are or could be presented by Defendant, Southeast, in connection with the September 14, 2021, incident, including those asserted in the Lawsuit and contained within the Amended Third Party Complaint;

    d.    That Progressive has no duty to defend or indemnify Defendants, Moore or Aztec, for any damages being or that could be claimed by Defendant, Underwood, in connection with the September 14, 2021, incident;

    e.    That Progressive has no duty to defend or indemnify Defendant, Moore or Aztec, for any damages being or that could be claimed by Defendant, Southeast, in connection with the September 14, 2021, incident;

    f.    That Progressive has no duty to defendant Defendants, Moore or Aztec, in connection with the claims asserted in the Lawsuit, including both the claims presented in the First Amended Complaint and the Amended Third Party Complaint;

    g.    For such other and further relief as this Court deems just and proper.

### COUNT II – CLAIM FOR DECLARATORY JUDGMENT
(Unlisted Driver)

40.    Progressive adopts and incorporates by reference paragraphs 1 through 26, above, which identify the parties, set forth the basis for this Court's exercise of jurisdiction and venue, describe the Policy, the September 14, 2021 incident, and the subsequent Lawsuit as though fully set forth herein.

41.    As reflected above, Defendant, Moore, was not identified as a listed driver under the Policy.

42. Progressive contends that the events described, above, at paragraphs 16 through 21, and which form the basis for the Lawsuit, including the Third-Party claims asserted in the Lawsuit, do not fall within the coverages afforded by the Policy.

43. Progressive contends that the events described in the Lawsuit, specifically the events described in the First Amended Complaint, to the extent that they involve and concern claims arising from Defendant, Moore's, operation of the Unlisted Vehicle, do not fall within the coverages afforded by the Policy.

44. Progressive contends that the events described in the Lawsuit, specifically the events described in the Amended Third Party Complaint, to the extent that they involve and concern claims arising from Defendant, Moore's, operation of the Unlisted Vehicle, do not fall within the coverages afforded by the Policy.

45. Progressive contends, therefore, that it has no duty to defend or indemnify Defendants, Aztec or Moore, for any damages that have or may be claimed by Defendant, Underwood, including, but not limited to, any claims asserted by him in the Lawsuit, including those asserted in the Amended Complaint.

46. Progressive contends, therefore, that it has no duty to defend or indemnify Defendants, Aztec or Morre, for any damages that have or may be claimed by Defendant, Southeast, including, but not limited to, any claims asserted by it in the Lawsuit, including those asserted in the Amended Third Party Complaint.

47. There exists an actual, present, and practical need for the declaration of coverage under the Policy, and the rights and obligations of Progressive.

48. There exists a present, ascertained or ascertainable state of facts or present controversy as to the state of facts concerning Progressive's rights, duties, and obligations under the Policy.

49. Progressive's rights, duties, and obligations under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

50. Progressive and the Defendants have an actual, present, adverse and antagonistic interest in the subject matter described herein.

51. All proper and present antagonistic interests are before the Court by proper process.

52. Progressive is in doubt with respect to its rights, duties and obligations under the Policy and, by this Complaint, seeks a declaration of its rights and obligations under that Policy.

WHEREFORE, Plaintiff, Progressive Express Insurance Company respectfully requests that this Court enter a declaratory judgment concerning the Policy and determine the existence, or non-existence, of any immunity, power, privilege, or right, or any other fact upon which the existence or non-existence, of such immunity, power, privilege or right may depend including the following:

    a. Declare that there is no coverage afforded by the Policy for any claims arising from the September 14, 2021 accident as they would all arise from Defendant, Moore's, operation of the Unlisted Vehicle, a vehicle for which there is no coverage;

    b. That the Policy does not provide coverage to Defendants, Moore or Aztec, for the claims that are or could be presented by Defendant, Underwood, in connection with the September 14, 2021, incident, including those asserted in the Lawsuit and contained within the First Amended Complaint;

CASE NO.: 1:24-cv-21130

  c. That the Policy does not provide coverage to Defendants, Moore or Aztec, for the claims that are or could be presented by Defendant, Southeast, in connection with the September 14, 2021, incident, including those asserted in the Lawsuit and contained within the Amended Third Party Complaint;

  d. That Progressive has no duty to defend or indemnify Defendants, Moore or Aztec, for any damages being or that could be claimed by Defendant, Underwood, in connection with the September 14, 2021, incident;

  e. That Progressive has no duty to defend or indemnify Defendant, Moore or Aztec, for any damages being or that could be claimed by Defendant, Southeast, in connection with the September 14, 2021, incident;

  f. That Progressive has no duty to defendant Defendants, Moore or Aztec, in connection with the claims asserted in the Lawsuit, including both the claims presented in the First Amended Complaint and the Amended Third Party Complaint;

  g. For such other and further relief as this Court deems just and proper.

Dated: March 25, 2024     Respectfully submitted,

            */s/ Patrick K. Dahl*
            **Patrick K. Dahl, Esquire (084109)**
            pdahl@morganakins.com
            Florida Bar No. 084109
            **Michelle Arau, Esquire (1049757)**
            marau@morganakins.com
            Florida Bar No. 1049757
            **MORGAN & AKINS, PLLC**
            *Attorneys for Progressive Express Insurance Company*
            501 E. Las Olas Boulevard, Suite 300
            Ft. Lauderdale, FL 33301
            Phone: (754) 255-3010
            Fax: (215) 600-1303